# STATE OF MICHIGAN

# COURT OF APPEALS

DERNIA MARTINEZ,

       Plaintiff-Appellant,

v

TMF II WATERCHASE, LLC,

       Defendant-Appellee.

UNPUBLISHED
December 15, 2016

No. 329931
Kent Circuit Court
LC No. 14-008385-NI

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

MURPHY, J. (*dissenting*).

Although *Benton v Dart Props Inc*, 270 Mich App 437; 715 NW2d 335 (2006), predated *Allison v AEW Capital Mgt, LLP*, 481 Mich 419; 751 NW2d 8 (2008), *Allison* did not overrule *Benton*. Indeed, the only reference by the *Allison* Court to the *Benton* decision was favorable, agreeing with its interpretation of the term "common areas" as used in MCL 554.139(1)(a) and ruling that a parking lot in an apartment complex, like the sidewalk at issue in *Benton*, are common areas for purposes of the statute. *Allison*, 481 Mich at 428. Therefore, in my view, *Benton* remains binding precedent, MCR 7.215(J)(1), and, given that plaintiff here allegedly slipped and fell on a patch of ice on a sidewalk located just outside her apartment building, *Benton* is directly and certainly more on point than *Allison*. On the strength of *Benton*, along with consideration of the documentary evidence, I conclude that there exists a genuine issue of material fact regarding whether the common area where plaintiff claimed to have slipped and fell was fit for its intended use, MCL 554.139(1)(a). Accordingly, I would reverse the trial court's ruling granting summary disposition in favor of defendant. Thus, I respectfully dissent.

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), as well as questions of statutory construction, *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). With respect to a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), set forth the governing principles:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court

-1-

may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

MCL 554.139(1)(a) provides that a landlord covenants "[t]hat the premises and all common areas are fit for the use intended by the parties." And the open and obvious danger doctrine is not available to avoid liability when a defendant has a statutory duty to maintain property in accordance with MCL 554.139. *Allison*, 481 Mich at 425 n 2. A violation of MCL 554.139(1)(a) can be established on the basis of snow or ice that renders a common area unfit for its intended use. *Id.* at 430. In *Benton*, 270 Mich App at 444-445, this Court ruled:

> We conclude that sidewalks, such as the one used by plaintiff, constitute "common areas" under MCL 554.139(1)(a). Therefore, a landlord has a duty to take reasonable measures to ensure that the sidewalks are fit for their intended use. Because the intended use of a sidewalk is walking on it, a sidewalk covered with ice is not fit for this purpose. Thus, . . . defendant owed plaintiff a duty of reasonable care regardless of the openness or obviousness of the icy sidewalk conditions.

The *Benton* opinion fully supports allowing the instant case to go forward. The *Allison* Court, which was aware of *Benton* and favorably cited the decision, expressed no dissatisfaction with *Benton*, and it did not indicate in any form or fashion that it was overruling *Benton*.

The majority indicates that adhering to *Benton* would require ignoring *Allison*; however, this contention ignores that *Allison* concerned a parking lot and the case at bar concerns a sidewalk; a distinction that effectively is not being given any weight by the majority. The majority concludes as a matter of law that the icy sidewalk was a mere inconvenience and that the ice did not render the sidewalk unfit for its intended use. Again, this conclusion fails to recognize the difference between the intended use of a parking lot and the intended use of a sidewalk. The case should be submitted to a jury for resolution.[1]

---

[1] Because I have come to the conclusion that *Benton* is directly on point and remains controlling, I find it unnecessary to examine *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124; 782 NW2d 800 (2010), which involved a snowy and icy staircase at an apartment complex.

Finally, the majority initially mentions that "a patch of ice[] is open and obvious as a matter of law." I disagree. In *Hoffner v Lanctoe*, 492 Mich 450, 463-464; 821 NW2d 88 (2012), our Supreme Court observed:

> With specific regard to ice and snow cases, this Court has rejected the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability under any circumstances. Rather, a premises owner has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation, requiring that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee. However, it is also well established that wintry conditions, like any other condition on the premises, may be deemed open and obvious. Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger. [Citations, quotation marks, and alteration brackets omitted.]

Accordingly, ice is not open and obvious as a matter of law; rather, ice *may be* open and obvious depending on the circumstances presented.[2]

I respectfully dissent.

/s/ William B. Murphy

---

[2] With respect to plaintiff's argument under MCL 554.139(1)(b) about the awning not being kept in reasonable repair, I would simply rule that plaintiff has failed to present an argument on appeal assailing the trial court's ruling that *design* defects are not encompassed by the duty to repair under MCL 554.139(1)(b).