*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRAIG O. NEWMAN,

     Plaintiff-Appellant,

UNPUBLISHED
April 25, 2019

v

No. 341823
Wayne Circuit Court
LC No. 16-012746-NO

WILLIAM KREN and ELIZABETH KREN,

     Defendants-Appellees.

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition to defendants in this premises liability and negligence action.[1] We affirm.

On appeal, plaintiff argues that the trial court improperly granted summary disposition to defendants regarding his claim under MCL 554.139(1)(a) because the open and obvious doctrine is not a defense to MCL 554.139(1)(a). Additionally, plaintiff argues that the step that allegedly caused him to fall lacked fitness for the use intended by the parties under MCL 554.139(1)(a). We disagree.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). We review de novo a trial court's determination of a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). "Under MCR 2.116(C)(10), the motion tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Id.* (citation omitted). The trial court examines the evidence in the light most favorable to the nonmoving party. *Id.*

---

[1] The merits of the plaintiff's general negligence claim are not before this Court.

Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Id*. at 116 (quotation marks and citation omitted).]

MCL 554.139(1) provides, in relevant part: "In every lease . . . of residential premises, the lessor . . . covenants: (a) That the premises and all common areas are fit for the use intended by the parties." "MCL 554.139 provides a specific protection to lessees . . . of residential property in *addition* to any protection provided by the common law." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "If defendants had a duty under MCL 554.139(1)(a)[] . . . then plaintiff could proceed on his second claim even if plaintiff's negligence claim was barred by the 'open and obvious' danger doctrine." *Id*. According to our Supreme Court in *Allison*:

Under common-law negligence principles, a premises owner has a duty to exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the premises, but not when the condition is "open and obvious." However, a defendant cannot use the "open and obvious" danger doctrine to avoid liability when the defendant has a statutory duty to maintain the premises in accordance with MCL 554.139(1)(a) or (b). [*Id*. n 2, (citations omitted).]

Here, plaintiff argues that the open and obvious doctrine is not a defense to a claim brought under MCL 554.139(1)(a). Plaintiff is correct and defendants cannot rely on the doctrine as a defense to plaintiff's statutory claim. *Id*.

In *Allison*, our Supreme Court analyzed a lessor's duty under MCL 554.139(1)(a). The plaintiff in *Allison* fell while walking on 1 to 2 inches of snow in the parking lot of his apartment building. *Id*. at 423. The plaintiff argued that the parking lot's condition violated MCL 554.139(1). *Id*. Under MCL 554.139(1)(a), *Allison* analyzed whether the parking lot was "fit for the use intended." *Id*. at 429. Our Supreme Court defined "fit" as "adapted or suited; appropriate [.]" *Id*. "A parking lot is generally considered suitable for the parking of vehicles as long as the tenants are able to park their vehicles in the lot and have reasonable access to their vehicles." *Id*. The snow did not make the parking lot unfit. *Id*. at 429-430. Lessors do not have to maintain perfect conditions:

The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Id*. at 430.]

This Court applied the principles articulated in *Allison* in *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010), to determine whether a snow and ice-covered stairway was fit for the use intended, stating:

While the *Allison* Court specifically referenced parking lots, the principles set forth apply to all common areas, including stairways. The primary purpose or intended use of a stairway is to provide pedestrian access to different levels of a building or structure. As with a parking lot, MCL 554.139(1)(a) does not require perfect maintenance of a stairway. The stairway need not be in an ideal condition, nor in the most accessible condition possible, but, rather, must provide tenants "reasonable access" to different building levels.

In this case, plaintiff testified during his deposition that he used the steps in question hundreds of times. Plaintiff's testimony established that the steps provided reasonable access to the house, fulfilling the primary purpose or intended use of the stairway. Plaintiff testified that the bottom step had wear but did not have debris. Plaintiff, however, failed to provide evidence that the step prevented him reasonable access to enter and exit the house. Mere inconvenience of access will not defeat the characterization of the step as being fit for its intended purpose. *Allison*, 481 Mich at 430-431. Under *Allison*, defendants did not have to maintain the steps "in an ideal condition or in the most accessible condition possible." *Id*. They only had to maintain the steps so that they were fit for use as steps. Our Supreme Court defined "fit" as "adapted or suited," not perfect. *Id*. at 429. The record indicates that the step did not deny plaintiff reasonable access to enter and exit the home. Therefore, plaintiff failed to establish the existence of a genuine issue of material fact regarding the steps' fitness for their intended use. Accordingly, we hold that the trial court properly granted defendants' motion for summary disposition.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford

-3-