*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL ROTTARR,

Plaintiff-Appellant,

UNPUBLISHED
December 22, 2022

v

No. 359135
Oakland Circuit Court

KRUK CARDS, INC., KRUK PROPERTIES, LLC,
and OAKLAND KRUK PROPERTIES, LLC,

LC No. 2020-181060-NO

Defendants-Appellees.

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in defendants' favor under MCR 2.116(C)(10) in this slip and fall case. We affirm.

On May 4, 2017, at about 8:30 p.m., plaintiff fell in defendants' apartment complex as he was traversing down the stairway from his second-floor apartment. Plaintiff alleged that the stairway was defective because the steps were worn which, combined with the poor lighting and a loose railing, caused him to fall and sustain severe injuries. Plaintiff brought this lawsuit alleging two claims: negligence for failure to maintain the property in reasonable repair causing a dangerous condition, and breach of a landlord's statutory duty under MCL 554.139 to keep common areas fit for their intended use.

Subsequently, defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's negligence claim must be dismissed because: there was no proof that plaintiff fell on that date or on the stairway; the claim was barred by the open and obvious doctrine; and defendant had no notice of the allegedly dangerous condition. Further, defendants argued, plaintiff's statutory claim under MCL 554.139 must be dismissed because the stairway at issue was fit for its intended purpose. Defendants explained that plaintiff's apartment was accessible by two outdoor stairways and he was moving into the apartment on the day he claimed he fell. Plaintiff testified that there were 16-17 steps leading to his apartment and he had climbed up and down them about twenty times that day while moving in. Plaintiff testified that at about 8:30 p.m., it was raining outside and he fell after his foot "hydroplaned" off a step near the bottom of the

-1-

stairs.  He got up, walked up the same stairs to lock his apartment, then walked back down the stairs and left to go visit his friend.  Plaintiff did not seek any medical treatment for about a month.  And he continued to live at the apartment for three years after this alleged fall without further incident.  Moreover, defendants' property manager testified that he had not received any complaints about the stairway before this alleged fall.  Accordingly, defendants argued, plaintiff could not prove negligence—i.e., that an unreasonably dangerous condition existed of which defendants were aware—with regard to this open and obvious condition, and plaintiff could not prove that the stairway was not fit for its intended use because he used them repeatedly both before and after his alleged fall.  In support of their motion, defendants attached exhibits which included the transcripts of plaintiff's deposition testimony, and the deposition testimony of the property manager, Charles Sechler.

Plaintiff responded to defendants' motion for summary disposition, arguing that there were multiple defects in this common-area stairway, including the worn-out stair treads that were missing nonskid strips, a loose railing, and poor lighting; thus, it was not fit for its intended use in violation of defendants' statutory duty under MCL 554.139.  Further, this stairway was effectively unavoidable as it was the means to access plaintiff's second-floor unit, and thus, the open and obvious doctrine was inapplicable with respect to plaintiff's negligence claim.  And defendants, at minimum, had constructive notice of these dangerous problems.  In support of his responsive brief, plaintiff attached exhibits which included pictures of the stairway, the transcripts of plaintiff's deposition testimony, and the deposition testimony of the property manager, Charles Sechler.

Defendants filed a reply brief in support of their motion for summary disposition, arguing that plaintiff failed to raise a genuine issue of material fact on the issue whether his negligence claim was barred by the open and obvious doctrine.  Further, plaintiff's statutory claim must be dismissed because it was not supported by relevant admissible evidence.  Defendants argued that plaintiff's reliance on some photographs in support of his claims was misplaced because there was no evidentiary foundation for their admission into evidence.  Further, plaintiff testified in his deposition that he "hydroplaned" on water that was on a step but it was raining that day and defendants had no notice of alleged "water build-up" on the steps that day.  Defendants' property manager, Charles Sechler, testified that he never had any complaints about this stairway or about the lighting and his testimony is uncontested—defendants had no notice.  Moreover, as plaintiff testified, he used the stairway for years after this alleged fall without any problem.  And to the extent that plaintiff is claiming a special exception to the open and obvious doctrine should apply under the circumstances of this case, such argument is without merit.  Both plaintiff and Sechler testified that there were two stairways to access the second floor and, in any case, there was no substantial risk of death or severe injury from wet stairs on a rainy day.  Finally, defendants argued, the stairway was fit for its intended use as evidenced by the fact that it was used by plaintiff both before and after he allegedly fell.  In support of their reply, defendants attached as an exhibit a calendar record showing the times of sunset and twilight end for May 2017.

Following oral arguments on defendants' motion, the trial court issued a written opinion and order granting defendants' motion and dismissing this case.  The court noted that plaintiff slipped and fell on wet stairs as he was moving into his second-floor apartment.  The court held that plaintiff failed to "provide sufficient evidence to show that Defendants had actual or constructive notice of any defect on the stairs or that the stairs were unreasonably dangerous or unfit for their intended use."  This appeal followed.

Plaintiff first argues that defendants breached their common-law duty to exercise reasonable care to protect plaintiff from an unreasonable risk of harm caused by a dangerous condition by failing to ensure adequate lighting in the area of the stairway. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

It is undisputed that plaintiff was an invitee on the premises. "[A] tenant is an invitee of the landlord." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). But invitors are not absolute insurers of the safety of their invitees. *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975). And a premises owner has no duty to protect an invitee from an open and obvious danger unless there are special aspects of the condition that make it unreasonably dangerous. *Lugo*, 464 Mich at 517. There are two recognized "special aspects" of an open and obvious hazard that can give rise to liability: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012). Further, an essential element of a premises liability claim is the defendant's knowledge of the alleged defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 11-12; 890 NW2d 344 (2016). The plaintiff must demonstrate either that the defendant knew about the dangerous condition or that the defendant should have known of it because of its character or the duration of its existence. *Id*. at 11.

In this case, plaintiff testified that two outdoor stairways led up to his apartment. He had been going up and down the stairway at issue here—about twenty times—moving his things into the apartment. It had been raining on and off all day. At about 8:30 p.m. or 9:00 p.m., when it was dark and raining, he was going down the stairs and was near the bottom of the stairway when he "stepped on a stair and hydroplaned off of the stair, landed down on the bottom of the stairs in the ground." Plaintiff was not sure precisely which step caused his fall because the lighting was not very good. He laid on the ground for a bit and then got up, walked back up the stairs to close his apartment, then walked back down the stairs, to his vehicle, and then drove eleven miles to his friend's house. Plaintiff had no other issues with the stairway over the next three years he lived there. And defendant's property manager, Charles Sechler, testified that there had been no complaints about the stairway at issue prior to plaintiff's fall.

Plaintiff has failed to establish that defendant had actual or constructive notice of the purported defect of standing water on a stairway step. While on appeal plaintiff appears to claim that it was inadequate lighting that caused his fall, he testified that his foot "hydroplaned" on a step which caused him to slip and fall. He was unsure as to which step the hydroplaning occurred because of the lighting. But, in any case, plaintiff has also failed to establish that defendant had actual or constructive notice of a purported defect of inadequate lighting. In other words, plaintiff failed to demonstrate that defendant knew about a dangerous condition or should have known of it because of its character or the duration it had existed. See *Lowrey*, 500 Mich 11-12.

Moreover, it was raining and had been raining off and on all day. The fact that there was rain water on the outdoor stairway steps—that plaintiff had been traversing without incident numerous times that same day—is not a "dangerous condition on the land" that poses an unreasonable risk of harm. See *Lugo*, 464 Mich at 516. This condition is neither unusual nor unforeseeable—considering that it was raining. Invitors are not absolute insurers of the safety of their invitees. *Quinlivan*, 395 Mich at 261. And the condition of wet steps with puddles of water on them posed an open and obvious risk since it had rained off and on all day. Any danger associated with the allegedly dangerous wet steps was known, or should have been known, by plaintiff. Further, there were no special aspects about the stairway that made this open and obvious risk unreasonable and it was avoidable because there was another stairway that could have been used. See *Lugo*, 464 Mich at 517; see also *Hoffner*, 492 Mich at 463. Accordingly, the trial court properly granted defendants' motion for summary disposition and dismissed plaintiff's negligence claim.

Next, plaintiff argues that defendants violated their statutory duty to maintain the premises fit for its intended purpose by failing to ensure adequate lighting in the area of the stairway in the common area. We disagree.

Defendants had a statutory duty to maintain the stairway in a condition fit for its intended use under MCL 554.139(1)(a) which provides that, in every residential lease, the lessor covenants that "the premises and all common areas are fit for the use intended by the parties." In *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 426-431; 751 NW2d 8 (2008), our Supreme Court set forth questions to consider when addressing a claim under MCL 554.139(1)(a) as follows: (1) is the area at issue a "common area," (2) if so, what is the intended use of the common area, and (3) could there be a reasonable difference of opinion regarding whether the condition made the common area unfit for its intended use.

In this case, it is not disputed that the stairway at issue was a common area. And it is well established that the "primary purpose or intended use of a stairway is to provide pedestrian access to different levels of a building or structure." *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010). The issue disputed here pertains to the third element. On appeal, plaintiff again references inadequate lighting. But plaintiff testified that he fell because he "hydroplaned" on water located on a step. He did not know *which* step though, allegedly because of inadequate lighting. However, it remains that plaintiff claimed to have fallen because of a collection of water located on a step—not because of inadequate lighting. The record here shows that plaintiff was able to go up and down the stairway numerous times despite the rainy conditions and wet steps before he fell. Plaintiff also used the same stairway to return to his apartment after the fall, and then to leave his apartment and walk to his vehicle without incident. Moreover, the property manager testified that he had received no complaints from any tenants about this stairway before plaintiff fell—despite it being a common area in use by other tenants. Defendants were not required to maintain the stairway in perfect or ideal condition; rather, the stairway must only provide reasonable access to different building levels. See *Hadden*, 287 Mich App at 130. And we agree with the trial court that there could be no reasonable difference of opinion that this stairway successfully served its "intended use." Plaintiff failed to establish that a genuine issue of

material fact existed on the issue. Accordingly, the trial court properly granted defendants' motion for summary disposition and dismissed plaintiff's statutory claim.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett