*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KANDICE HOLDER,

Plaintiff-Appellant,

v

ANCHOR BAY INVESTMENTS, INC,

Defendant-Appellee.

FOR PUBLICATION
March 21, 2024
9:05 a.m.

No. 364401
St. Clair Circuit Court
LC No. 2021-000013-NI

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

CAMERON, J.

In this slip-and-fall case, plaintiff appeals as of right the trial court's orders granting defendant's motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine question of fact). We vacate the trial court's order granting summary dismissal of plaintiff's common-law premises liability claim and remand this issue to the trial court for further factual development under *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430). We affirm the trial court's grant of summary disposition of plaintiff's statutory claims.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff leased a first-floor apartment from defendant. There were two newly-constructed sets of exterior stairs leading into two different doors of plaintiff's apartment. The stairs at issue were made of wood and led to a landing outside the main entrance of plaintiff's apartment. According to plaintiff, she noticed that these wooden steps eventually became "algaefied" and were slippery. Plaintiff was injured after she slipped and fell on one of the wooden steps.

She later filed a two-count complaint. Count one alleged breach of statutory duties under MCL 554.139 and MCL 125.536. Count two alleged common-law premises liability. Defendant moved for summary disposition. The trial court granted summary dismissal of the common-law premises liability claim, concluding the defect at issue was open and obvious. In a separate order, it dismissed plaintiff's statutory claims. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo motions for summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10). The purpose of a motion for summary disposition under MCR 2.116(C)(8) is to test the legal sufficiency of a complaint. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

> All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id*. at 119-120 (quotation marks and citations omitted).]

The purpose of a motion for summary disposition under MCR 2.116(C)(10), meanwhile, is to test the "factual sufficiency of the complaint." *Id*. at 120.

> In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*. (citations omitted).]

Under the burden-shifting framework of MCR 2.116(C)(10), "the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (citations omitted). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*.

This case also involves questions of statutory interpretation, which this Court reviews de novo. *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 419; 662 NW2d 710 (2003).

> The primary goal of statutory interpretation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute . . . . If the language of the statute is clear, we presume that the Legislature intended the meaning expressed. If the statute does not define a word, we may consult dictionary definitions to determine the plain and ordinary meaning of the word . . . . However, legal terms of art are to be construed according to their peculiar and appropriate meaning. [*Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 427; 751 NW2d 8 (2008) (quotation marks and citations omitted).]

## III. COMMON-LAW PREMISES LIABILITY

Plaintiff first argues the trial court erred in dismissing her premises liability claim because the danger posed by the condition of the stairs was open and obvious. Our Supreme Court in

*Kandil-Elsayed*, ___ Mich at ___; slip op at 2, recently revised the open and obvious danger doctrine. Because these changes were made after the trial court granted summary disposition, we vacate the trial court's order granting summary dismissal of plaintiff's common-law premises liability claim and remand to the trial court for further factual development under *Kandil-Elsayed*.

A preliminary issue in this case is whether the trial court wrongly dismissed plaintiff's complaint—which included allegations defendant violated its statutory duties under MCL 554.139—on the basis of the open and obvious danger doctrine. Indeed, "[t]he open and obvious danger doctrine is not available to deny liability for a statutory violation under MCL 554.139(1)." *Bowman v Walker*, 340 Mich App 420, 431; 986 NW2d 419 (2022) (quotation marks and citation omitted). Plaintiff argues on appeal that the trial court wrongly dismissed her complaint on the basis of the open and obvious danger doctrine even though her complaint also included allegations defendant violated its statutory obligations. In other words, plaintiff believes a trial court cannot partially dismiss a premises liability complaint because a defect is open and obvious if the complaint also includes statutory liability claims.

Plaintiff's complaint contained two theories of liability—premises liability and statutory duty. Each of these theories was set forth in two separate counts in the complaint. It is common practice for courts to partially dismiss a complaint on the basis of a viable defense and the open and obvious danger doctrine is a viable defense against premises liability claims. See, e.g., *Kandil-Elsayed*, ___ Mich at ___; slip op at 44 ("As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious . . . ."). Thus, there is nothing inherently inconsistent with the trial court's dismissal of the premises liability count under the open and obvious danger doctrine.

Plaintiff next argues the trial court erred in dismissing the premises liability portion of the complaint because the danger at issue was unavoidable. The question whether a condition is unavoidable is a product of the common-law "special aspects" doctrine. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001), overruled *Kandil-Elsayed*, ___ Mich at ___; slip op at 2. Until recently, special aspects were an exception to the open and obvious danger doctrine, and they allowed a defendant to be held liable for damages where they created an unavoidable or unreasonably dangerous condition on the land. *Lugo*, 464 Mich at 517. Plaintiff asserts the danger posed by the stairs was unavoidable because both sets of stairs leading to the apartment were "algaefied," suggesting plaintiff could not enter or exit her apartment without encountering this danger.

In *Kandil-Elsayed*, our Supreme Court also overruled the special-aspects doctrine, holding instead that "when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." ___ Mich at ___; slip op at 2. Plaintiff's appeal was filed before our Supreme Court issued *Kandil-Elsayed*, therefore her argument on appeal relies on the special-aspects doctrine. She makes no argument whether defendant should have anticipated the harm caused by the slippery steps. Because the record before us is devoid of any consideration of *Kandil-Elsayed*, we vacate the trial court's order granting summary disposition of plaintiff's common-law premises liability claim and remand the case to the trial court to allow the parties to develop the factual record in light of *Kandil-Elsayed*.

## IV. STATUTORY CLAIMS

Plaintiff next contends that the trial court erred in dismissing her statutory claims. According to plaintiff there remained factual questions regarding: (1) whether the stairs were reasonably fit for their intended use under MCL 554.139; and (2) defendant's duty to repair the stairs. She also believes the trial court inappropriately considered her evidence showing violations of the applicable building codes and Michigan's Housing Law, MCL 125.401, *et seq.* We disagree.

## A. FIT FOR INTENDED USE

The first question is whether the trial court erred when it concluded there was no genuine question of fact whether the stairway was fit for its intended use under MCL 554.139(1). This statute states:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct. [MCL 554.139(1).]

A defendant's duty depends on whether the area is considered part of the "premises" or whether it is a "common area." Thus, the first question in this case is whether the stairway was part of the "premises" or a "common area." "[I]n the context of leased residential property, 'common areas' describes those areas of the property over which the lessor retains control that are shared by two or more, or all, of the tenants." *Allison*, 481 Mich at 427. Further, in *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010), this Court considered an exterior stairway to be a common area. Like the stairs in *Hadden*, the stairs at issue were outside, and leading to, plaintiff's apartment. There was testimony that defendant was primarily responsible for maintenance of the stairway. Although there was no evidence the stairway was used by two or more tenants, given the other facts, a reasonable conclusion is that this exterior stairway was a "common area" under MCL 554.139(1).

Under MCL 554.139(1)(a), a landlord must ensure that common areas are fit for their intended use. See also *Allison*, 481 Mich at 430. Our Supreme Court's opinion in *Allison*, 481 Mich 419 and this Court's opinion in *Hadden*, 287 Mich App 124, continue to guide our understanding of whether a common area is fit for its intended use. The *Allison* plaintiff broke his ankle as he was walking to his vehicle in an apartment parking lot when he slipped on some snow and ice. *Allison*, 481 Mich at 423. At issue was whether the accumulation of snow and ice violated the landlord's duty to keep the parking lot fit for its intended use. *Id*. at 429-430. The Court explained that the intended purpose of a parking lot was to allow residents "to park their vehicles in the lot and have reasonable access to their vehicles." *Id*. at 429. A landlord fulfills their duty if

they "ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*.

The Court determined that the defendant did not violate their duty under MCL 554.139(1), stating:

> While a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much more exigent circumstances than those obtaining in this case. The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Id*. at 430.]

This Court in *Hadden*, 287 Mich App at 130 utilized the same analytical framework, but we reached a different conclusion. The *Hadden* plaintiff was injured when she fell on an exterior 12-riser stairway. *Id*. The plaintiff said the day before her fall, she "noted the presence of snow on all the stairs of the stairway." *Id*. She notified the defendant of the condition and the defendant assured the plaintiff they "would take care of it." *Id*. at 131. The plaintiff testified about the circumstances of her fall, stating: "[S]he did not see the ice before her fall because it was black ice and the stairway was too dark." *Id*. "As she fell . . . [the] plaintiff noticed that the gutters overhead were overflowing with water and icicles had formed." *Id*.

We concluded there were remaining questions of fact whether the stairway was fit for its intended use, explaining:

> [T]he primary purpose of a stairway is to provide pedestrians reasonable access to different levels of a building or structure. Reasonable minds could conclude that the presence of black ice on a darkly lit, unsalted stairway—possibly caused or aggravated by overflowing ice water from overhead gutters in the presence of freezing rain—posed a hidden danger that denied tenants reasonable access to different levels of the apartment building and rendered the stairway unfit for its intended use. [*Id*. at 132.]

Like *Allison*, this Court determined: "MCL 554.139(1)(a) does not require perfect maintenance of a stairway. The stairway need not be in an ideal condition, nor in the most accessible condition possible, but, rather, must provide tenants 'reasonable access' to different building levels." *Id*. at 130. Nevertheless, this Court concluded that *Hadden* was "factually distinguishable from *Allison* because black ice on a stairway presents more than the mere inconvenience posed by one to two inches of snow in a parking lot." *Id*. at 132 (quotation marks and alterations omitted).

In contrast to *Hadden*, this case involved three wooden steps, there was no evidence plaintiff had difficulty seeing the algae. Plaintiff was familiar with the danger posed by the algae— indeed, she testified she "took extra time" when she used the steps. Furthermore, plaintiff said she used the stairway at least twice a day; thus, she was not impeded from accessing her apartment.

In this context, the trial court did not err when it concluded there was no genuine question of fact whether these stairs were fit for their intended use under MCL 554.139(1).

## B. DUTY TO REPAIR

Plaintiff next argues the trial court erred in concluding there was no question of fact whether defendant violated its duty to repair under MCL 554.139(1). Again, MCL 554.139(1)(b) states, in part, that a landlord has a duty "[t]o keep the *premises* in reasonable repair during the term of the lease . . . ." (Emphasis added.) As discussed above, there is a difference between "premises" and "common areas." Indeed, our Supreme Court in *Allison* held that "the lessor's duty to repair under MCL 554.139(1)(b) does not apply to common areas." *Allison*, 481 Mich at 435. Here, the stairway at issue was a common area, and not part of the "premises." Therefore, defendant had no duty to repair under MCL 554.139(1)(b).

## C. BUILDING CODE VIOLATIONS

Plaintiff further argues the trial court incorrectly analyzed plaintiff's evidence showing violations of the Michigan building code. She contends that her complaint should not have been dismissed because her evidence showing violations of the Michigan building code sufficiently demonstrated at least a question of fact whether defendant "compl[ied] with the applicable health and safety laws of the state and of the local unit of government" under MCL 554.139(1)(b).[1] Again, plaintiff's arguments as to this issue are misplaced.

The trial court in this case considered plaintiff's evidence as to the violations of the applicable building code under the framework of MCL 125.536, not MCL 554.139(1)(b). Plaintiff's arguments as to this issue on appeal do not explain this discrepancy, or how the trial court incorrectly analyzed the issues under MCL 125.536. Thus, plaintiff's challenge to the trial court's analysis of the building codes in connection with her claims under MCL 554.139 is meritless.

## D. MICHIGAN HOUSING LAW

Plaintiff next focuses on MCL 125.536. She claims that the trial court erred in concluding defendant did not violate the duty to repair and whether defendant had notice of the condition. MCL 125.536(1) states:

> When the owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling, whether a portion designated for the exclusive use and occupation of residents or a part of the common areas, where such condition exists in violation of this act, any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition. When the condition is a continuing interference with the use and occupation of the premises, the occupant

---

[1] Plaintiff incorrectly cites this subsection as "MCL 554.139(2)(b)."

shall also have injunctive and other relief appropriate to the abatement of the condition.

A threshold question is whether MCL 125.536 applies to exterior stairways, which has not been decided in any published case. We conclude that MCL 125.536 does not pertain to exterior stairways, such as this one. The statute states that it applies to areas that are "*in* any portion of the dwelling." MCL 125.536(1) (emphasis added). It is a basic premise of statutory interpretation that courts should follow the meaning plainly expressed in the statute. *Allison*, 481 Mich at 427. MCL 125.536(1) plainly applies to areas "in" the dwelling. Here, it is undisputed that this stairway was not "in" the dwelling.[2] Accordingly, plaintiff's argument under MCL 125.536(1) is meritless and we affirm the trial court's order dismissing plaintiff's statutory claim under MCL 125.536.

## V. DAMAGES

Finally, plaintiff disputes the trial court's statement that her damages were limited to contractual damages and she argues that tort damages are a recognized form of recovery for the allegations in her complaint. We disagree.

This argument is completely illogical. Plaintiff argues *ad nauseam* why she is entitled to tort damages for her claims. While the trial court found "[a]ny remedy under [MCL 554.139(1)(a)] consists exclusively of a contract remedy," the basis of the trial court's dismissal was not that plaintiff's complaint sought improper tort damages. Rather, the trial court's dismissal was predicated on whether defendant satisfied the criteria for a motion for summary disposition. It simply is not at issue whether plaintiff is entitled to damages under the law cited in her complaint and this argument purportedly explaining plaintiff's entitlement to damages is meritless.

Affirmed in part, vacated in part, and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray

---

[2] Our conclusion is consistent with the unpublished, and not binding decision, MCR 7.215(C)(1), *Jamel v WBR Kings Arms, LLC*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2023 (Docket No. 359763). *Jamel* held: "One prerequisite to establishing a violation of this statute is that the condition exists in a portion of the dwelling. Here, the stairs were not inside the dwelling but were instead at the outside end of the dwelling. MCL 125.536(1) does not apply to these stairs." *Id*. at 6.