*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAGAM NABIL JAMEL,

      Plaintiff-Appellant,

v

WBR KINGS ARMS, LLC, doing business as
KINGS ARMS APARTMENTS, and BURTON
CAROL MANAGEMENT, LLC,

      Defendants-Appellees.

UNPUBLISHED
January 26, 2023

No. 359763
Macomb Circuit Court
LC No. 20-003717-NO

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right an order granting defendants' motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This lawsuit arises out of an injury sustained by plaintiff while descending steps leading from her apartment complex landing and the walkway leading to the apartment complex. Defendant, WBR Kings Arms, LLC (WBR), doing business as Kings Arms Apartments, owns the apartment complex, and defendant, Burton Carol Management, LLC (Burton Carol), serves as its manager. One of the apartment building's two exterior doors, the front door, leads out from the building to the landing and a set of two steps where plaintiff tripped and fell. The parties agreed that the steps looked as they do in this photograph, which was part of the record:

-1-



In her complaint plaintiff alleged that "[b]ecause the lower step is narrow and the higher one is high," her right foot twisted while descending them, causing her to fall to the ground and be injured. Plaintiff also testified in her deposition that it was the height disparity that caused her right ankle to twist, causing her to fall. After briefing was complete on defendants' motion for summary disposition under MCR 2.116(C)(10), the trial court determined the height of the stairs and the handrail were not unreasonably dangerous and the danger of the stairway was open and obvious to plaintiff and not effectively unavoidable. The trial court did not address whether there was a pertinent statutory violation, saying "whether it's too short, too tall, not able to grasp, the Court is satisfied that this is an open and obvious condition that existed for years." On this reasoning, the trial court granted defendants' motion for summary disposition.

On appeal, plaintiff argues the trial court erred in granting summary disposition, specifically by: (1) failing to consider defendants' violations of statutory duties, and (2) relying on the open and obvious danger doctrine when it does not pertain to statutory violations.

## II. STATUTORY DUTIES

Plaintiff contends the trial court improperly granted summary disposition in favor of defendants because the trial court focused solely on the common law issues and failed to consider

defendants' statutory duties. With respect to the common law, landowners and occupiers have a duty to individuals they invite onto the land for commercial purposes (invitees). *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 604; 614 NW2d 88 (2000). Generally, an invitor owes a duty to invitees to exercise reasonable care to protect them from an unreasonable risk of harm caused by a dangerous condition on the land. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). This duty does not extend to dangers so obvious that an invitee can be expected to discover them herself. *Ghaffari v Turner Constr Co*, 473 Mich 16, 21-22; 699 NW2d 687 (2005).

However, the open and obvious doctrine is limited to the question of duty in common-law actions and not to duties created by statute. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425 n2; 751 NW2d 8 (2008); *Benton v Dart Props Inc*, 270 Mich App 437, 438; 715 NW2d 335 (2006); *Wilson v BRK, Inc*, 328 Mich App 505, 517; 938 NW2d 761 (2019). Once a duty is established, a violation of a law can establish a prima facie case from which the jury can infer negligence. *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 16; 596 NW2d 620 (1999).

## A. STANDARD OF REVIEW

We review summary disposition rulings de novo. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). Summary disposition is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When making a motion under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 9; 890 NW2d 344 (2016). If the moving party properly supports the motion, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists," which cannot be done by relying on mere allegations or denials in the pleadings. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003); see also *Allison*, 481 Mich at 424-425.

This Court also reviews de novo the proper interpretation of the relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

## B. MCL 554.139

Plaintiff argues that defendant violated the duties set forth in MCL 554.139, which states:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety

> laws of the state and of the local unit of government where the
> premises are located . . . .
>
> \* \* \*
>
> (3) The provisions of this section shall be liberally construed, and the privilege of a prospective lessee or licensee to inspect the premises before concluding a lease or license shall not defeat his right to have the benefit of the covenants established herein.

Under this statute, a landlord owes a duty to maintain the premises and all common areas fit for their intended use, MCL 554.139(1)(a); *Allison* at 481 Mich 426, and to maintain the premises in reasonable repair, MCL 554.139(1)(b); *Allison*, 481 Mich at 426. The statutory duty to repair imposed by MCL 554.139(1)(b) applies only to premises; it does not apply to common areas. *Allison*, 481 Mich at 432. However, the separate duty "to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located," MCL 554.139(1)(b), applies to both the premises and common areas. *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 295; 933 NW2d 732 (2019). Because the steps are in a common area, *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010), the *duty to repair* within MCL 554.139(1)(b) does not impose a duty upon defendants relative to the steps.

## 1. MCL 554.139(1)(A)

Turning to MCL 554.139(1)(a), the primary purpose of the stairs is to allow a person to traverse between the walkway and the higher landing that leads to the apartment complex door. *Hadden*, 287 Mich App at 130 ("The primary purpose or intended use of a stairway is to provide pedestrian access to different levels of a building or structure."). The remaining question under MCL 554.139(1)(a) is whether the stairs were fit for this intended use. " 'Fit' is defined as 'adapted or suited; appropriate[.]' " *Allison*, 481 Mich at 429, quoting *Random House Webster's College Dictionary* (1997). As a result of this definition, "MCL 554.139(1)(a) does not require perfect maintenance of a stairway. The stairway need not be in an ideal condition, nor in the most accessible condition possible, but, rather, must provide tenants 'reasonable access' to different building levels." *Hadden*, 287 Mich App at 130.

We conclude that no genuine issue of material fact exists that these stairs were fit for their intended purpose. First, based on the photos submitted to the trial court, no reasonable juror could conclude that the steps did not allow people to go from the walkway to the landing. *Hadden*, 287 Mich App at 130 (To establish fitness, "[t]he stairway need not be in an ideal condition, nor in the most accessible condition possible, but, rather, must provide tenants 'reasonable access' . . . ."). Although it also appears undisputed that there is an approximately ten-inch drop between the landing and the first step, which can be a significant height disparity for some, there is no dispute that the stairs generally allowed reasonable access into and out of the building. Second, plaintiff's expert did testify by affidavit that the steps and handrail were not fit for their intended use, but that was premised on the height disparity, handrail, and the steps separation as being out of compliance with the building codes. That premise is incorrect, however, because, as discussed below, the steps were grandfathered from the codes relied upon by the expert. Considering this evidence in a light

-4-

most favorable to plaintiff, there is no genuine issue of material fact on whether these steps[1] were fit for their intended use.

## 2. MCL 554.139(1)(B)

The second clause of MCL 554.139(1)(b) provides that a lessor must "comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located . . . ." Plaintiff has argued that the stairs violated several Sterling Heights building codes, and thus she has created a genuine issue of material fact as to whether defendant violated subsection (1)(b).

We first note that in her argument plaintiff has not pointed to any applicable code at the time of the construction of the stairs, between 1969 and 1970, which the stairs violate, instead pointing to the 2009, 2015, and 2018 building codes.[2]

With respect to existing structures, the 2015 code, Section 102.6, provides that: "The legal occupancy of any structure existing on the date of adoption of this code shall be permitted to continue without change, except as otherwise specifically provided in this code, the International Existing Building Code [IEBC], the International Property Maintenance Code [IPMC] or the International Fire Code." Recognizing this language, plaintiff argues that certain provisions of the IEBC and IPMC negate the grandfathering of the stairs. As detailed below, the cited provisions do not support plaintiff's position.

IEBC § 101.2 states that "The provisions of this code shall apply to the repair, alteration, change of occupancy, addition, and relocation of existing buildings." Section 202 of the IEBC defines "change of occupancy" as:

> [A] change in the use of the building or a portion of a building that results in any of the following: (1) a change of occupancy classification[,] (2) A change from one group to another within a change of occupancy classification[, or] (3) any change in use within a group for which there is a change in application of the requirements of this code.

Since it is undisputed that the only changes that have taken place in the use of the apartment complex are changes from one residential tenant to another, no change in occupancy classification as defined above has taken place. Thus, this provision does not negate the grandfathering of the stairway.

---

[1] The handrail is not at issue because plaintiff testified that it was only the height disparity that caused her to fall.

[2] Plaintiff's expert opined in his affidavit that the 1965 BOCA code that provided standards for interior stairs was also applied to exterior stairs. However, nothing submitted supports this legal conclusion, and as we noted, nothing within the argument section of plaintiff's brief references the 1965 code.

IPMC § 304.10 states: "Every exterior stairway, deck, porch and balcony, and all appurtenances attached thereto, shall be maintained structurally sound, in good repair, with proper anchorage and capable of supporting the imposed loads." Plaintiff's expert attested that the breaking away of the intermediate step from the brick facing the porch violates this requirement and therefore requires alteration of the stairway. However, plaintiff never testified that this separation contributed to her accident; in fact, she testified that it was only the height of the stairs that caused her to fall. Thus, this portion of the code does not support plaintiff's argument. Plaintiff failed to establish that defendants' stairs were not grandfathered out of the application of the building codes, or that they otherwise applied to these stairs.[3]

### C. MCL 125.536(1)

The next statutory duty plaintiff argues defendant violated, or at least created a genuine issue of material fact on that issue, is the duty created by MCL 125.536(1):

> When the owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling, whether a portion designated for the exclusive use and occupation of residents or a part of the common areas, where such condition exists in violation of this act, any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition.

One prerequisite to establishing a violation of this statute is that the condition exists in a portion of the dwelling. Here, the stairs were not inside the dwelling but were instead at the outside end of the dwelling. MCL 125.536(1) does not apply to these stairs.

### D. MCL 125.538

The final statutory duty plaintiff claims defendants breached is MCL 125.538, which states: "It is unlawful for any owner or agent thereof to keep or maintain any dwelling or part thereof which is a dangerous building as defined in [MCL 125.539]." MCL 125.539 states, " 'dangerous building' means a building or structure that . . . is in 1 or more of the following conditions: . . . (f) The building, structure, or a part of the building or structure is manifestly unsafe for the purpose for which it is used." Although plaintiff mentioned the statute, she failed to provide any argument or evidence as to why the stairway falls under the statutory definition of a "dangerous building" and defendants refuted this claim only by citing the long history of use of the stairs, without major incident and the lack of stairway code violations. We conclude that this issue has been inadequately briefed and is not ripe for our decision.

---

[3] Plaintiff also argues that under MCL 554.139(1)(b) defendant violated the duty "to comply with the applicable health and safety laws" regarding the handrail and whether such a violation establishes a prima facie case of negligence. But again, plaintiff alleged that she fell because of the height disparity in the stairs, not because of any issues with the handrail.

### III. APPLICATION OF THE OPEN AND OBVIOUS DANGER DOCTRINE

Finally, plaintiff argues that if we conclude that no statute provides a basis to pursue her premises liability claim, the common-law does. More specifically, plaintiff argues the stairway was effectively unavoidable, precluding the application of the open and obvious doctrine.

The open and obvious danger doctrine indicates an invitor's duty to an invitee does not extend to dangers so obvious that an invitee can be expected to discover them himself or herself. *Ghaffari*, 473 Mich at 21-22. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. This Court has specifically stated in the case of stairs, no proof that plaintiff was actually aware of the risk is required because "the risk of harm from steps and their surrounding conditions is *presumptively* reasonable." *Spagnuolo v Rudds No 2, Inc*, 221 Mich App 358, 361 n 2; 561 NW2d 500 (1997).

With regard to open and obvious dangers, an invitor is not required to warn an invitee unless he or she should anticipate the harm despite the invitee's knowledge of it. *Ghaffari*, 473 Mich at 21-22; *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). In determining whether a danger presents an unreasonable risk of harm, despite being open and obvious, a court must look for a special aspect of the danger, such as a condition that is unavoidable or unreasonably dangerous. *Hoffner*, 492 Mich at 463; *Lugo*, 464 Mich at 517. A hazard is effectively unavoidable if a person, for all practical purposes, is required to confront the hazard. *Hoffner*, 492 Mich at 468-469. "[S]ituations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id.* at 469. For instance, the *Hoffner* Court found that icy conditions at the entrance of a fitness center were not "effectively unavoidable," because there was no actual need for the plaintiff to enter the fitness center on the day in question. *Id.* at 470-471.

We first conclude, as did the trial court, that the steps were an open and obvious condition. The steps height differential was plainly obvious, the injury occurred during daylight hours, and plaintiff does not argue that the steps condition was somehow undiscoverable. Nonetheless, there does exist a genuine issue of material fact regarding whether the steps were effectively unavoidable. Plaintiff testified that both entrances were in the same condition, and so the condition of the height disparity would be faced regardless of which entrance/exit from the building was used. Defendants have not submitted any evidence to dispute plaintiff's testimony, and because we must consider the evidence submitted in a light most favorable to plaintiff, it is for the jury to decide whether the steps were effectively unavoidable, despite being open and obvious.

### IV. CONCLUSION

Reversed and remanded for further proceedings. We do not retain jurisdiction. Plaintiff may tax costs, MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan