*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRYSTAL ANDERSON,

        Plaintiff-Appellant,

v

DART PROPERTIES, INCORPORATED,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

SUNWAY LAWN SERVICES, INC.,

        Third-Party Defendant.

UNPUBLISHED
February 22, 2024

No. 365435
Macomb Circuit Court
LC No. 2021-002536-NO

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by right from the trial court's order dismissing without prejudice defendant/third-party plaintiff Dart Properties, Incorporated's third-party complaint against third-party defendant Sunway Lawn Services, Inc. ("Sunway").[1] On appeal, plaintiff challenges a concurrent order entered by the trial court granting defendant's motion for summary disposition of plaintiff's claims under MCR 2.116(C)(10). Because the trial court erred when it concluded the open and obvious doctrine precluded plaintiff's recovery for premises liability, we vacate that portion of the trial court's order for consideration under *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d___ (2023) (Docket Nos. 162907 & 163430). In all other respects, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

---

[1] Defendant's third-party complaint against Sunway for breach of contract was dismissed by stipulated order and is not at issue in this appeal.

This case arises from the injuries plaintiff sustained on February 13, 2021, when she allegedly fell on snow and ice located on the sidewalk between her apartment and carport. Plaintiff's apartment was on the second floor and was accessed by stairs leading to her front door. The bottom of the stairs led to a sidewalk, which then led to a parking lot containing residents' carports. Plaintiff stated she would usually leave her apartment for work at about 5:30 a.m., and on the early morning walks from her apartment to her car, she always saw Sunway's crew salting and clearing the walkways. Defendant, which managed the apartment complex, contracted with Sunway to perform snow and ice removal services. The contract stated that Sunway would make "every effort" to clear the snow and ice by 7:00 a.m.

The outdoor temperatures for the week leading up to plaintiff's fall were consistently below freezing, and it snowed a few hours each day. The last time Sunway shoveled the walkways and salted the lots before plaintiff's fall was on February 9, 2021. Plaintiff testified she left her house at about 5:40 a.m. on February 13, 2021. Plaintiff remembered it was snowing, but she did not see Sunway's snow removal crew salting the walkways like she usually did every morning, and the snow had not yet been shoveled. After descending the stairs plaintiff slipped and fell in the middle of the sidewalk on the way to her carport.

Plaintiff's complaint alleged one count of premises liability and one count of violating the covenant to keep the premises in good repair and fit for its intended use. See MCL 554.139. Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing the icy sidewalk plaintiff slipped on was open and obvious, and there were no special aspects giving rise to a duty to plaintiff. Defendant also argued plaintiff was not entitled to relief under MCL 554.139, including because it did not violate any local law, citing the City of Sterling Heights Snow Removal Ordinance, Sterling Heights Code, § 48, ¶ 32, *et seq.*

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10), concluding the snowy sidewalk was open and obvious and there were no special aspects giving rise to a duty because the hazard presented by the snow was not effectively unavoidable. Regarding whether the sidewalk was fit for its intended use under MCL 554.139(1)(a), the trial court held the evidence did not establish a genuine issue of material fact because a reasonable fact-finder could not conclude from the record evidence the sidewalk was completely covered in ice. Finally, the trial court stated it would not address application of MCL 554.139(1)(b) or plaintiff's cursory reference to nails protruding on the stairs because there was no argument the stairs caused her fall. This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

We review de novo the trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of plaintiff's claim, is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785

(2018) (quotation marks and citation omitted). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the parties' documentary evidence in the light most favorable to the party opposing the motion. *Johnson*, 502 Mich at 761. "[R]eview is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care*, *Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

The Court reviews "de novo questions concerning the proper interpretation and application of . . . statutory language." *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 31-32; 966 NW2d 393 (2020). Further, this Court also "review[s] de novo issues involving the interpretation of statutes and ordinances." *Detroit Media Group, LLC v Detroit Bd of Zoning Appeals*, 339 Mich App 38, 50; 981 NW2d 88 (2021).

## B. PREMISES LIABILITY—OPEN AND OBVIOUS DANGER DOCTRINE

In her first argument on appeal, plaintiff contends the trial court erred when it relied on the open and obvious danger doctrine when granting defendant's motion for summary disposition. Because the Michigan Supreme Court changed the application of the doctrine while this appeal was pending, we agree.

"In a premises-liability action, as in any negligence action, the plaintiff must establish the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). Whether defendant owed a legal duty is a question of law. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). In premises liability actions, liability arises from a defendant's duty as an owner, possessor, or occupier of land, *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005), and depends on the visitor's status as an invitee, a licensee, or a trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). In this case, the parties do not dispute plaintiff was an invitee and was, therefore, "entitled to the highest level of protection under premises liability law." *Id*. at 597.

Historically, a premises possessor's duty to insure the safety of an invitee "[did] not extend to dangerous conditions that are open and obvious." *Estate of Donna Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021). After the trial court granted defendant's motion for summary disposition and plaintiff filed her brief in this matter, the Michigan Supreme Court issued its opinion in *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d___ (2023) (Docket Nos. 162907 & 163430); slip op at 2, which overruled its previous decision in *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001), concluding the open and obvious nature of a condition was relevant to breach—not duty. The Court in *Kandil-Elsayed* also overruled the special-aspects doctrine, "hold[ing] that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Kandil-Elsayed*, ___ Mich at ___; slip op at 2. In *Gabrielson v Woods Condo Assoc, Inc*, ___ Mich App ___; ___ NW2d ___ (2024) (Docket Nos. 364809 & 364813), slip op at 7-8, we held that the application of *Kandil-Elsayed* is retroactive and applies to all cases pending on appeal when *Kandil-Elsayed* was decided.

The trial court considered whether the ice and snow on the sidewalk was open and obvious as part of defendant's duty of care, consistent with *Lugo*. However, under *Kandil-Elsayed*, whether the condition was open and obvious is now relevant to issues of breach and comparative fault rather than to duty. *Kandil-Elsayed*, ___ Mich at ___; slip op at 2. Because the trial court did not analyze the claim under the proper framework, we vacate that portion of the trial court's order and remand the case for the court and the parties to address *Kandil-Elsayed* and its impact in the first instance.

## C. STATUTORY CLAIMS

Plaintiff also argues the trial court erred when it granted defendant's motion concerning her statutory claims because there were genuine issues of fact whether the sidewalk's condition was fit for walking and whether defendant kept the premises in repair. We disagree.

Plaintiff argues defendant's duties arise under MCL 554.139, which "provides a specific protection to lessees and licensees of residential property in addition to any protection provided by the common law. The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). MCL 554.139 states, in pertinent part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> > (a) That the premises and all common areas are fit for the use intended by the parties.
> >
> > (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

In *Allison*, 481 Mich at 428, the Michigan Supreme Court held "a parking lot within a leased residential property fits within the meaning of 'common area' [under MCL 554.139(1)(a)] because it is accessed by two or more, or all, of the tenants and the lessor retains general control," because "the lessor is responsible for the maintenance of the lot." The Court defined the word "fit" in this context "as 'adapted or suited; appropriate[.]' " *Allison*, 481 Mich at 429 (citation omitted). This Court later decided by analogy that like a parking lot, a sidewalk is also a common area and is fit for its intended purpose if it is merely suitable for walking. *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 289-290; 933 NW2d 732 (2019). The sidewalk need not be ideal or the most accessible path as possible. *Allison*, 481 Mich at 430. "MCL 554.139(1)(a) does not require perfect maintenance." *Hadden v McDermitt Apartments*, LLC, 287 Mich App 124, 130; 782 NW2d 800 (2010). To show a sidewalk is not fit for its intended use, a plaintiff must show more than a "[m]ere inconvenience" by presenting evidence indicating they were precluded from using the sidewalk. *Allison*, 481 Mich at 430. "*Allison* stands for the

proposition that a plaintiff must present more evidence than simply the presence of ice or snow and someone falling." *Estate of Trueblood*, 327 Mich App 291-292.

The parties agree the sidewalk is a common area because it is accessible to all tenants walking from their apartments to their cars. The parties also agree the intended use of a sidewalk is for people to walk on it. See *Benton*, 270 Mich App at 444. The parties disagree, however, that the sidewalk on the morning of the accident was fit for its intended use. Although there were factual discrepancies in the record regarding whether plaintiff could see the ice and the extent to which it covered the sidewalk, those discrepancies did not create a genuine issue of material fact for trial. Plaintiff stated the EMTs almost slipped in the location she fell when they arrived at the scene, indicating the patch of ice she fell on may have been difficult to avoid. Plaintiff also testified the photographs presented to the trial court did not depict where she fell. However, these discrepancies do not create an issue of fact whether the sidewalk was effectively rendered unusable. Plaintiff presented no evidence, for example, that the entire sidewalk was covered in snow or ice; indeed, the photographs submitted to the court showed little or no accumulation of snow or ice on much of the sidewalk. And the fact that the EMTs almost—but did not—fall in the same spot where plaintiff fell similarly does not raise a genuine question of fact whether the sidewalk was unfit for use. At most, such evidence demonstrated that there was snow and ice and that plaintiff fell. See *Estate of Trueblood*, 327 Mich App 291-292. Because plaintiff failed to show a genuine issue of fact for trial concerning whether the sidewalk was fit for its intended use, the trial court did not err when it granted summary disposition of her claim under MCL 554.139(1)(a).

Plaintiff also argues the trial court erred when it failed to consider her claim brought under MCL 554.139(1)(b) because the sidewalk was not kept in reasonable repair. Under MCL 554.139(1)(a), a landlord has a duty to maintain the premises and common areas fit for their intended use. *Allison*, 481 Mich at 426. There is a commensurate duty, under MCL 554.139(1)(b), to repair defects in the premises. *Allison*, 481 Mich at 426. However, the accumulation of ice and snow is not a defect. *Id*. at 435. "A lessor has no duty under MCL 554.139(1)(b) with regard to the natural accumulation of snow and ice." *Id*. Because plaintiff's claim under MCL 554.139(1)(b) is not actionable for snow and ice accumulation, the trial court did not err when it granted defendant's motion regarding this claim.

We vacate the portion of the order granting summary disposition in favor of defendant regarding plaintiff's premises liability claim and remand for consideration of that claim in the first instance under the framework of *Kandil-Elsayed*. The trial court's order is otherwise affirmed. We do not retain jurisdiction. Neither party having prevailed in full, no costs may be taxed. See MCR 7.219(A).

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan