*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALGENA BOWERS,

        Plaintiff-Appellant,

v

JACOBSON BROTHERS, LLC, MEADOWOOD TOWNHOMES, CANTON ONE LIMITED PARTNERSHIP, and DHS MANAGEMENT COMPANY, LLC,

        Defendants-Appellees.

UNPUBLISHED
June 09, 2026
9:56 AM

No. 374793
Wayne Circuit Court
LC No. 22-014505-NO

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting defendants' motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL BACKGROUND

This action arises from injuries plaintiff sustained in January 2020 when she slipped and fell on ice in the parking lot of the townhome complex where she resided. Plaintiff had lived at the complex for several years and was familiar with winter conditions. On the morning of January 19, 2020, at approximately 9:00 a.m., she was walking from her residence to her vehicle when she slipped on a patch of ice located near the driver's side of her car.

Plaintiff testified that when she parked her vehicle on the evening of January 18, 2020, the weather was clear and the parking lot conditions were acceptable. Weather records likewise showed that temperatures were above freezing during the afternoon and evening hours that day. Defendants' maintenance staff monitored conditions and applied salt throughout the parking lot, sidewalks, and other common areas on January 18, 2020. Overnight, temperatures dropped below freezing into the early morning hours of January 19, 2020, although there was no precipitation during that time. Plaintiff testified that she believed the ice formed overnight but acknowledged that she did not know how long it had been present. She agreed that it could have formed shortly before her fall. The following morning, plaintiff slipped and fell, sustaining injuries.

-1-

Plaintiff initiated this action in December 2022, alleging that defendants negligently failed to maintain the premises and that the parking lot was not fit for its intended use under MCL 554.139. Defendants denied liability and asserted, among other defenses, that they lacked actual or constructive notice of any hazardous condition. Defendants later moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not establish notice, causation, or a statutory violation.

Plaintiff opposed the motion, contending that defendants maintained an inadequate snow-removal system and that their practices created hazardous conditions through runoff and refreezing. She also asserted that defendants failed to remedy the issues in a reasonable amount of time. At the same time, plaintiff moved to amend her complaint to add a nuisance claim based on defendants' snow-removal practices. Defendants responded that the proposed claim was futile because it merely repackaged plaintiff's premises-liability claim.

Following a hearing, the trial court determined that plaintiff's motion to amend was not properly before the court because it had not been scheduled for a hearing. The court subsequently issued a written opinion granting defendants' motion for summary disposition. The court concluded that plaintiff failed to present evidence establishing that defendants had notice of the condition, that their conduct caused the ice to form, or that the premises were unfit for their intended use. The court also dismissed plaintiff's nuisance claim.[1] Plaintiff moved for reconsideration, arguing that the trial court applied the wrong legal standards and improperly weighed the evidence. The trial court denied reconsideration, and this appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo motions for summary disposition." *Reese v James*, 348 Mich App 454, 459; 19 NW3d 386 (2023). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The court considers all of the evidence "in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition is appropriate if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016).

## III. ANALYSIS

### A. COMMON-LAW PREMISES LIABILITY

Plaintiff argues that the trial court erred by granting summary disposition because genuine issues of material fact existed regarding whether defendants had constructive notice of the icy

---

[1] The lower court record does not reflect that the trial court granted plaintiff leave to amend the complaint. Plaintiff nevertheless filed an amended complaint on October 4, 2024. As noted, the trial court dismissed the nuisance claim in its opinion and order granting summary disposition to defendants. Plaintiff has not challenged on appeal any procedural defect related to the filing or consideration of the amended complaint.

condition and whether their snow-removal practices created or exacerbated the hazard. We disagree.

To establish a claim of premises liability, a plaintiff must prove "that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey*, 500 Mich at 8. A premises possessor owes invitees a duty to exercise reasonable care to protect them from unreasonable risks of harm caused by dangerous conditions on the land. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 112; 1 NW3d 44 (2023). Our Supreme Court has eliminated the open-and-obvious doctrine as a complete bar to liability. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich at 95. However, a plaintiff must still establish breach, causation, and actual or constructive notice of the condition, as well as a reasonable opportunity to remedy it. *Kandil-Elsayed*, 512 Mich at 131-132, 144-145.

Constructive notice exists when a defect is "of such a character or has existed a sufficient length of time that he should have knowledge of it." *Lowrey*, 500 Mich at 10 (citation omitted). However, to establish constructive notice, a plaintiff must present evidence from which a factfinder could infer that the condition existed for a sufficient period of time to permit the defendant to discover and remedy it. *Id*. at 11-12. Without such evidence, any conclusion regarding notice would be impermissibly speculative, and summary disposition would be appropriate. *Id*.

Applying these principles, plaintiff failed to establish a genuine issue of material fact regarding notice. Plaintiff testified that she believed the weather was clear when she parked her car the night before she fell and that the icy condition must have formed sometime overnight. However, she acknowledged that she did not know how long the ice had been present and agreed that it could have formed shortly before she fell. This testimony does not establish that defendants had constructive notice of the ice in the parking lot. Without evidence concerning how long the specific icy condition existed, a jury would be left to speculate as to whether defendants had a reasonable opportunity to discover and remedy it. General awareness that freezing temperatures were possible is not the same as notice of the particular patch of ice on which plaintiff fell. Because plaintiff could not establish the duration of the hazard, she necessarily could not establish that defendants had constructive notice or a reasonable opportunity to remedy it. Plaintiff's reliance on general winter conditions is likewise insufficient to create a question of fact. The mere existence of ice, snow, or frost on a walkway does not, in itself, give rise to an inference of negligence. *Altairi v Alhaj*, 235 Mich App 626, 637-638; 599 NW2d 537 (1999). Instead, there must be evidence linking the defendant's conduct to the specific hazard. See *Lowrey*, 500 Mich at 11. On this record, no reasonable juror could determine when the condition formed without engaging in speculation.

Plaintiff alternatively argues that defendants' snow-removal practices created hazardous conditions through runoff and refreezing. A premises possessor may be liable where its affirmative conduct creates a new hazard or increases the risk of harm. See *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 706-707; 644 NW2d 779 (2002); *Fultz v Union-Commerce Assoc*, 470 Mich 460, 467; 683 NW2d 587 (2004). But that theory still requires evidence that defendants' conduct more likely than not caused the specific condition at issue. *Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994). Plaintiff did not make that showing. Although she asserted that snowbanks caused runoff and refreezing in areas of the complex, she did not present

evidence connecting those alleged runoff patterns to the precise location where she fell. Nor did she identify evidence that defendants piled snow in a manner that caused water to drain to the driver's side of her vehicle and refreeze there before 9:00 a.m. on January 19, 2020. At most, the record permits speculation that the ice could have resulted from defendants' snow-removal practices. Again, speculation is insufficient to establish causation. *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 246; 964 NW2d 50 (2020). Where the evidence is equally consistent with a non-negligent cause, such as natural overnight refreezing, plaintiff cannot meet her burden of proof. See *Skinner*, 445 Mich at 164-165. Because plaintiff failed to establish notice or causation, the trial court properly granted summary disposition on her common-law premises liability claim.

## B. MCL 554.139

Plaintiff also argues that the trial court erred by dismissing her statutory claim under MCL 554.139(1)(a) because the parking lot was not fit for its intended use as a common area providing pedestrian access. We disagree.

MCL 554.139(1)(a) imposes a duty on lessors to ensure that common areas are "fit for the use intended by the parties." This duty is distinct from, but narrower than, the common-law duty of reasonable care. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). The statute requires that common areas be maintained in a condition that allows tenants to use them for their intended purpose, but it does not require that they be maintained in an ideal or perfectly safe condition. *Id*. at 430.

In *Allison*, our Supreme Court held that a parking lot covered with snow and ice remained fit for its intended use because it could still be used for parking vehicles. *Id*. at 429-430. Similarly, in *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010), this Court explained that the presence of ice does not render a common area unfit for its intended use unless it effectively *prevents* that intended use. Here, the record does not support plaintiff's claim that the parking lot was unfit for its intended use. Plaintiff was able to traverse the parking lot and reach her vehicle, and there is no evidence that the lot was rendered unusable for parking or ordinary access. The condition at issue was a localized patch of ice, not a pervasive condition that precluded use of the lot as a whole.

The distinction between a hazardous condition and an unfit common area is important. MCL 554.139(1)(a) does not require a lessor to maintain common areas in a condition free from all snow or ice. Rather, the question is whether the condition prevented the common area from being used for its intended purpose. Plaintiff's evidence showed only that she encountered a localized patch of ice while walking to her vehicle. It did not show that the parking lot, as a whole, was unusable for parking, vehicle access, or ordinary ingress and egress. Therefore, even viewing the evidence in the light most favorable to plaintiff, the condition did not rise to the level of statutory unfitness.

Plaintiff attempts to redefine the "intended use" of the parking lot to include safe pedestrian travel. But this does not alter our analysis. While pedestrian movement is incidental to the use of a parking lot, our Supreme Court has declined to expand the statutory duty beyond ensuring that the area remains usable for its primary purpose. See *Allison*, 481 Mich at 430-431. Accepting

plaintiff's position would effectively impose a heightened duty inconsistent with the limited scope of MCL 554.139. Further, even assuming pedestrian travel to and from parked vehicles is part of the lot's intended use, plaintiff still had to show that the condition rendered that use unavailable or effectively impossible, not merely that it made the route less safe. See *id*. Accordingly, the trial court properly concluded that plaintiff failed to establish a violation of MCL 554.139(1)(a).

Affirmed.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado